IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA C. GERNER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   05cv0069 |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION AND ORDER OF COURT**

May 11, 2006

**I.    Introduction**

Plaintiff, Sandra C. Gerner, brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final determination of the Commissioner of Social Security ("Commissioner") which denied her application for disability insurance benefits ("DIB") under title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-433.

**II.    Background**

    **A.    Facts**

Plaintiff was born on March 19, 1958. (R. at 207). She graduated from college with majors in both journalism and literature. (R. at 208). She was a case worker for the Welfare Department. (R. at 214). Her work experience has included interviewing clients in order to assess their eligibility for food stamps, medical benefits and cash benefits. (R. at 216). The job also entailed data entry work via the use of a computer. (R. at 217). The record indicates that Plaintiff engaged in no other kind of work during the last 15 years. (R. at 218).

Plaintiff alleges disability as of March 1, 2001, due to rheumatoid arthritis, osteoarthritis,

migraine headaches, diabetes, irritable bowel syndrome, bipolar disorder and post-traumatic stress disorder. (R. at 15, 209-214). The record reflects that Plaintiff has not engaged in substantial gainful activity since her alleged onset date. (R. at 214).

### B.     Procedural History

Plaintiff filed the instant application for DIB on January 6, 2003, in which she claimed total disability since March 1, 2001. (R. at 15). An administrative hearing was held on June 16, 2004, before Administrative Law Judge Alma S. DeLeon ("ALJ"). (R. at 202). Plaintiff waived her right to counsel and testified at the hearing. (R. at 205). Dr. Charles Cohen, an impartial vocational expert, also testified at the hearing. (R. at 235).

On June 19, 2004, the ALJ rendered a decision which was unfavorable to Plaintiff in which she found that Plaintiff had "the residual functional capacity to perform a significant range of sedentary work." (R. at 23). The ALJ further found that Plaintiff should not perform work which involved lifting or carrying more than ten pounds, "or more than occasional balancing, kneeling, crouching, or crawling, pushing and pulling with her extremities, or exposure to heights, vibration, and temperature extremes." (R. at 22). It was noted that Plaintiff "would be limited to sedentary jobs that would allow her to sit or stand at her discretion, and would not involve exposure to stress in critical situations, following detailed instructions, or making complex decisions." (R. at 22).

The ALJ's decision became the final decision of the Commissioner on December 3, 2004, when the Appeals Council denied Plaintiff's request to review the decision of the ALJ. (R. at 5).

On January 24, 2005, Plaintiff filed her complaint in this Court in which she seeks judicial review of the decision of the ALJ. The parties have filed cross-motions for summary

judgment. Plaintiff contends that the decision of the ALJ is not supported by substantial evidence of record. More specifically, Plaintiff argues that the ALJ failed to consider the combined effect of Plaintiff's impairments and that conclusions made by the vocational expert failed to take into consideration employment limitations placed on Plaintiff. (Br. for Plaintiff at 2). The Commissioner contends that the decision of the ALJ should be affirmed as it is supported by substantial evidence. The Court agrees with the Commissioner and will therefore grant the motion for summary judgment filed by the Commissioner and deny the motion for summary judgment filed by Plaintiff.

**III.     Legal Analysis**

    **A.     Standard of Review**

The Act limits judicial review of disability claims to the Commissioner's final decision. 42 U.S.C. § 405(g). If the Commissioner's finding is supported by substantial evidence, it is conclusive and must be affirmed by the Court. 42 U.S.C. § 405(g); *Schaudeck v. Comm'n of Soc. Sec. Admin.*, 181 F. 3d 429, 431 (3d Cir. 1999). The Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389 (1971); *Hartranft v. Apfel*, 181 F. 3d 358, 360 (3d Cir. 1999). It consists of more than a scintilla of evidence, but less than a preponderance. *Stunkard v. Secretary of Health & Human Servs.*, 841 F. 2d 57, 59 (3d Cir. 1988).

When resolving the issue of whether an adult claimant is or is not disabled, the Commissioner utilizes a five-step sequential evaluation. 20 C.F.R. §§ 404.1520 and 416.920 (1995). This process requires the Commissioner to consider, in sequence, whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the

requirements of a listed impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other work.  *See* 42 U.S.C. § 404.1520; *Burnett v. Commissioner of Social Security*, 220 F. 3d 112, 118-19 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F. 3d 422, 428 (3d Cir. 1999)).

To qualify for disability benefits under the Act, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period." *Kangas v. Bowen*, 823 F. 2d 775, 777 (3d Cir. 1987); 42 U.S.C. § 423 (d)(1) (1982).  This may be done in two ways:

> (1) by introducing medical evidence that the claimant is disabled *per se* because he or she suffers from one or more of a number of serious impairments delineated in 20 C.F.R. Regulations No. 4, Subpt. P, Appendix 1.  *See Heckler v. Campbell*, 461 U.S. 458 (1983); *Stunkard*, 841 F. 2d at 59; *Kangas*, 823 F. 2d at 777; or,
>
> (2) in the event that claimant suffers from a less severe impairment, by demonstrating that he or she is nevertheless unable to engage in "any other kind of substantial gainful work which exists in the national economy. . . ."  *Campbell*, 461 U.S. at 461 (citing 42 U.S.C. § 423 (d)(2)(A)).

In order to prove disability under the second method, a claimant must first demonstrate the existence of a medically determinable disability that precludes plaintiff from returning to his or her former job.  *Stunkard*, 841 F. 2d at 59; *Kangas*, 823 F. 2d at 777.  Once it is shown that claimant is unable to resume his or her previous employment, the burden shifts to the Commissioner to prove that, given claimant's mental or physical limitations, age, education and work experience, he or she is able to perform substantial gainful activity in jobs available in the national economy.  *Stunkard*, 842 F. 2d at 59; *Kangas*, 823 F. 2d at 777; *Doak v. Heckler*, 790 F. 2d 26, 28 (3d Cir. 1986); *Rossi v. Califano*, 602 F. 2d 55, 57 (3d Cir. 1979).

Where a claimant has multiple impairments which may not individually reach the level of

severity necessary to qualify any one impairment for Listed Impairment status, the Commissioner nevertheless must consider all of the impairments in combination to determine whether, collectively, they meet or equal the severity of a Listed Impairment. *Bailey v. Sullivan*, 885 F. 2d 52 (3d Cir. 1989) ("in determining an individual's eligibility for benefits, the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.")

In this case, the ALJ determined that Plaintiff was not disabled within the meaning of the Act at the fifth step of the sequential evaluation process. In making this determination, the ALJ concluded that Plaintiff was capable of performing a significant range of sedentary work.

B. **Discussion**

As set forth in the Act and applicable case law, this Court may not undertake a de novo review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F. 2d 1185, 1190 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). The Court must simply review the findings and conclusions of the ALJ to determine whether they are supported by substantial evidence. 42 U.S.C. § 405(g); *Schaudeck v. Comm's of Soc. Sec. Admin.*, 181 F. 3d 429, 431 (3d Cir. 1999).

Plaintiff first contends that the ALJ's credibility determinations are not based on substantial evidence because they fail to consider the combined effect of Plaintiff's impairments. (Br. for Plaintiff at 2). Under 20 C.F.R. § 404.1523, the ALJ must "consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 404.1523. Notwithstanding Plaintiff's contentions to the contrary, this Court is satisfied that the ALJ did, in fact, give

5

adequate consideration to the combined effect of Plaintiff's impairments. The ALJ's opinion noted that "[t]he Regulations require that if a severe impairment exists, all medically determinable impairments must be considered in the remaining steps of the sequential analysis." (R. at 16). The ALJ also stated that, at step 3 of the sequential evaluation process, she had to "determine whether the claimant's impairments, either singly or [in] combination, [were] of sufficient severity to either meet or equal any of the Listings in Appendix 1, Subpart P. Regulations No. 4." (R. at 17). Furthermore, the ALJ went on to state as follows: "With respect to all the claimant's impairments, I note that no physician, psychiatrist, psychologist, or other caregiver in the record has assessed that her conditions either meet or equal those contained in Appendix 1." (R. at 18).

  The transcript of Plaintiff's hearing further illustrates that the ALJ considered Plaintiff's impairments in combination. Early in the hearing, the ALJ asked Plaintiff to "be more specific" about the "correlation" between Plaintiff's physical and mental difficulties. (R. at 209). Plaintiff was asked to describe the symptoms of each impairment, as well as the disabling features of each. (R. at 210-215). The ALJ also inquired as to whether Plaintiff suffered from any side effects from her prescribed medications. (R. at 216). In addition, the ALJ's hypothetical question to Dr. Charles M. Cohen, a vocational expert, encompassed all of Plaintiff's limitations. (R. at 236). In all, ten limitations were mentioned, three of which clearly related to Plaintiff's alleged mental impairments. (R. at 236). Consequently, this Court concludes that the ALJ properly gave adequate consideration to the combination of Plaintiff's multiple impairments in a manner which was consistent with 20 C.F.R. § 404.1523.

  Plaintiff's second contention is that Dr. Cohen, the vocational expert, failed to take

Plaintiff's limitations into consideration when he testified that she was capable of doing sedentary packing, assembly and inspector jobs. (Br. for Plaintiff at 5-6; R. at 236-237). Nevertheless, it is clear that the ALJ's hypothetical question to Dr. Cohen accounted for all of the limitations that Plaintiff claims were not considered. (R. at 236). These same limitations were mentioned by the ALJ in her opinion, in which she concluded that Plaintiff retained "the residual functional capacity to perform sedentary work which would not involve lifting or carrying more than about 10 pounds, or more than occasional balancing, kneeling, crouching, or crawling, pushing and pulling with her extremities, or exposure to heights, vibration, and temperature extremes." (R. at 20). It was further noted by the ALJ that Plaintiff "would be limited to sedentary jobs that would allow her to sit or stand at her discretion, and would not involve exposure to stress in critical situations, following detailed instructions, or making complex decisions." (R. at 20). All of these limitations were included in the ALJ's hypothetical question to Dr. Cohen, who nevertheless concluded that there were sedentary jobs existing in the national economy which Plaintiff could perform. (R. at 236-237).

In *Ramirez v. Barnhart*, 372 F. 3d 546 (3d Cir. 2004), the U.S. Court of Appeals for the Third Circuit discussed two basic requirements with regard to hypothetical questions posed to vocational experts. The first requirement is that a "hypothetical question posed to a vocational expert 'must reflect *all* of a claimant's impairments.'" *Ramirez*, 372 F. 3d at 554, *citing Chrupcala v. Heckler*, 829 F. 2d 1269, 1276 (3d Cir. 1987). The second requirement is that "'great specificity' is required when an ALJ incorporates a claimant's mental or physical limitations into a hypothetical." *Ramirez*, 372 F. 3d at 554-555, *citing Burns v. Barnhart*, 312 F. 3d 113, 122 (3d Cir. 2002).

This Court concludes that both of these requirements have been met in the instant case. Not only did the hypothetical question encompass all of Plaintiff's physical and mental impairments, but it broke her resulting limitations down into ten discrete segments. (R. at 236). The ALJ could hardly have been more specific in formulating a hypothetical question than she was in this instance. Since both of the applicable requirements have been met, it was not unreasonable for the ALJ to consider Dr. Cohen's testimony to be substantial evidence that Plaintiff is not statutorily disabled. *Ramirez*, 372 F. 3d at 554-555.

In her memorandum in opposition to the Commissioner's motion for summary judgment, Plaintiff asserts that "the ALJ did not consider all of the medical evidence before her." (Plaintiff/Appellant's Memorandum in Opposition to Defendant/Appellee's Motion for Summary Judgment at 3). Notwithstanding Plaintiff's contention, this Court is satisfied that the ALJ properly considered all of the relevant evidence before her. The ALJ's opinion incorrectly attributes the findings of a February 27, 2003, physical examination to Dr. Garrett Dixon. (R. at 19). This examination was actually performed by Dr. Alexandra Hope. (R. at 129). This discrepancy is explainable by the fact that both names appear on the exam report letterhead. (R. at 126). Despite the fact that the ALJ never mentioned Dr. Hope by name in her opinion, it is clear that Dr. Hope's findings were taken into consideration. It is notable that the limitations recorded by Dr. Hope were reflected in the ALJ's hypothetical question to Dr. Cohen. (R. at 135, 236).

It is also apparent that the ALJ considered the records of Dr. Gail Fisher, Plaintiff's rheumatologist. The ALJ explained that the July, 2003 opinion of Dr. Fisher that Plaintiff was unable to perform sustained work activity was not supported by clinical findings. (R. at 19).

Under 20 C.F.R. § 404.1527(d)(2), "controlling weight" is given to "a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairments" only when that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(d)(2). Although Dr. Fisher recorded that Plaintiff was incapable of working on a full-time basis, Plaintiff later showed significant improvement in grip strength after beginning a physical therapy program. (R. at 171, 193-194). The ALJ also considered additional medical evidence, which is largely ignored by Plaintiff, concerning the assessment of Plaintiff made by Dr. Lanny Detore (Ed.D.), who performed a clinical psychological interview of Plaintiff at the Commissioner's request. (R. at 246). The ALJ observed that Dr. Detore "completed a medical source statement rating the claimant fair to good in essentially all areas of psychiatric functioning." (R. at 20). It is likewise worthy of note that Dr. Lanny Smith (Ph.D.), a state agency psychologist, found Plaintiff's degree of functional limitations to range only from "mild" to "moderate." (R. at 154). Finally, Dr. Robert Boots, a state agency physician, reviewed Plaintiff's medical records and found her subjective complaints to be only "partially credible." (R. at 163).

     Where there is conflicting medical evidence, the ALJ has the duty and responsibility to weigh that evidence. *Newhouse v. Heckler*, 753 F. 2d 283, 286 (3d Cir. 1985). Congress has clearly provided that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive..." 42 U.S.C. § 405(g). This Court has no mandate to re-weigh the evidence in this case. While reasonable minds may differ as to whether the ALJ's findings could be disturbed under a more searching standard of review, it is clear in

this case that the evidence relied upon by the Commissioner amounts to "more than a mere scintilla." *Burns v. Barnhart*, 312 F. 3d 113, 118 (3d Cir. 2002). At this stage, the Commissioner need not show more.

Finally, the ALJ mentioned that Plaintiff was "independent in her ability to care for her household, cook, drive, and perform some household chores [with] some assistance from her sons." (R. at 20). It is not clear whether the ALJ placed dispositive weight on this observation. The ALJ did question Plaintiff about her daily activities at the hearing. (R. at 218-225). This Court is aware of the recent observations made, in dicta, by the U.S. Court of Appeals for the Eighth Circuit in *Swope v. Barnhart*, 436 F. 3d 1023 (8th Cir. 2006), concerning the probative value of such evidence. In a footnote, the Court of Appeals stated that "the ability to do activities such as light housework and visiting with friends provides little or no support for the finding that a claimant can perform full-time competitive work." *Swope*, 436 F. 3d at 1026, n. 4, *citing Hogg v. Shalala*, 45 F. 3d 276, 278 (8th Cir. 1995). Nevertheless, in *Swope*, the ALJ's decision was reversed because the hypothetical question posed to the vocational expert failed to account for the claimant's limited intellectual functioning. *Swope*, 436 F. 3d at 1024. Apparently, the Court of Appeals was convinced that evidence of the claimant's daily activities, in the absence of properly informed testimony by the vocational expert, did not amount to substantial evidence that the claimant was not statutorily disabled. Such a reading of the case is consistent with *Frankenfield v. Bowen*, 861 F. 2d 405 (3d Cir. 1988), a Third Circuit precedent holding that it was impermissible for the agency to reject "medically credited symtomatology based solely on the administrative law judge's observation of the claimant at the hearing, and claimant's testimony that he took care of his personal needs, performed limited household chores, and

occasionally went to church." *Frankenfield v. Bowen*, 861 F. 2d 405, 408 (3d Cir. 1988). The situation is markedly different in the instant case, since the ALJ's hypothetical question to the vocational expert listed ten specific limitations. (R. at 236). Although this Court is not bound by Eighth Circuit precedent, the very recent decision in *Swope* provides guidance with respect to the interpretation of 42 U.S.C. § 405(g). Despite the dicta in that case regarding the lessened value of household chore testimony, this Court is convinced that the discussion in *Swope* about the testimony of the vocational expert serves to reinforce the instant affirmance.

Dr. Cohen testified that there were over 500,000 sedentary packing jobs, 160,000 sedentary assembly jobs and 38,000 sedentary inspector jobs existing in significant numbers in the national economy, and that these jobs could be performed by Plaintiff. (R. at 236-237). Accordingly, the ALJ has satisfied the Commissioner's burden at step five of the sequential evaluation process because she has identified at least three occupations in the national economy that Plaintiff can perform. *Wright v. Sullivan*, 900 F. 2d 675, 679 (3d Cir. 1990).

**IV.     Conclusion**

It is undeniable that Plaintiff has a number of impairments, and this Court is sympathetic and aware of the challenges which Plaintiff faces in seeking gainful employment. Under the applicable standards of review and the current state of the record, however, the Court must defer to the reasonable findings of the ALJ and her conclusion that Plaintiff is not disabled within the meaning of the Social Security Act, and that she remains able to perform a significant range of sedentary work which exists in the national economy.

For these reasons, the Court will grant the Motion for Summary Judgment filed by the Commissioner and deny the Motion for Summary Judgment filed by Plaintiff.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA C. GERNER, | ) |
| Plaintiff, | ) |
| v. | ) 05cv0069 |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) |
| Defendant. | ) |

**ORDER OF COURT**

**AND NOW**, this 11th day of May, 2006, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1. The Motion for Summary Judgment filed by Defendant, Jo Anne B. Barnhart, Commissioner of Social Security (*Document No. 6*) is **GRANTED**;

2. The Motion for Summary Judgment filed by Plaintiff, Sandra C. Gerner (*Document No. 8*) is **DENIED**; and

3. The clerk shall docket this case closed.

BY THE COURT:

/s Terrence F. McVerry
United States District Court Judge


cc:   John E. Quinn, Esquire
      Email: jquinn@epqlawyers.com

      Paul Skirtich, AUSA
      Email: paul.skirtich@usdoj.gov